IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KYLE BROWN, | : | Case No. 4:14-cv-0410 |
| | : | |
| Plaintiff, | : | |
| | : | (Judge Brann) |
| v. | : | |
| | : | |
| AMERICAN SINTERED | : | |
| TECHONOLOGIES, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM**
March 3, 2015

Before the Court is the Defendant's Motion for Reconsideration of the Court's Order granting the Plaintiff's Motion for Leave to File a Second Amended Complaint. The Court retains jurisdiction over this case pursuant to 28 U.S.C. § 1331. For the reasons that follow, the Defendant's Motion is granted in part and denied in part. The Plaintiff is granted leave to file his amended complaint.

**I.      BACKGROUND**

On March 3, 2014, Plaintiff Kyle Brown filed a complaint against American Sintered Technologies alleging discrimination and retaliation in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. See Pl.'s Compl., Mar. 5, 2014, ECF No. 1. Plaintiff then filed an amended complaint on May 30, 2014, adding a third count that alleged the Defendant violated the Pennsylvania

Human Relations Act, 43 Pa. Cons. Stat. § 955(a).  See Pl.'s Am. Compl., May 30, 2014, ECF No. 12.  The Plaintiff claims that, after he had surgery on December 14, 2012 to remove a tumor in his foot and his physician requested that Defendant allow him medical leave until April 15, 2013, Defendant refused to accommodate the request and instead fired him on April 2, 2013, in violation of these laws.

Defendant filed an Answer on June 13, 2014, denying many of Plaintiff's allegations and asserting affirmative defenses.  See Def.'s Ans., June 13, 2014, ECF No. 13.  The Parties submitted a Case Management Plan to the Court on July 10, 2014, which fixed the deadline to amend pleadings as August 11, 2014.  The Court held its initial case management conference telephonically with the parties on July 17, 2014, and issued the required scheduling order that was largely commensurate with the plan established by the Parties.  See Ct. Order, Jul. 17, 2014, ECF No. 20.

On November 7, 2014, Plaintiff filed a Motion for Leave to file a second amended complaint.  In the motion, Plaintiff states that during discovery he learned that the Defendant also failed to comply with requirements of the Family and Medical Leave Act, 29 U.S.C. § 2601, and sought to file the new complaint including those claims.  See Pl.'s Mot. Leave File, Nov. 7, 2014, ECF No. 26.  In a moment of oversight, the Court granted the Plaintiff's motion before the Parties

finished briefing the issues. Defendant then filed a motion for reconsideration of the Court's Order granting leave to file, alleging a number of procedural and substantive grounds for denying Plaintiff's request. See Def.'s Mot Reconsideration, Nov. 20, 2014, ECF No. 30. The Court now turns to those arguments.

## II. DISCUSSION

### A. Motion for Reconsideration

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A court should grant a motion for reconsideration if the party seeking reconsideration shows: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

In this case, the Defendant's motion is warranted because the Court made a clear error in granting the Plaintiff's motion for leave before the briefing schedule expired and the Parties had a chance to present their positions. Accordingly, the Court proceeds to the merits of the Defendant's arguments against granting the

Plaintiff leave to file a second amended complaint.

### B.     Plaintiff May File Amended Complaint

The Defendant makes four arguments against the Court's granting leave for Brown to file his amended complaint. The first argument is procedural: Defendant alleges Brown's Motion for Leave to file the amended complaint did not contain a supporting brief and should therefore be deemed withdrawn in accordance with local procedural rules. The next three arguments are substantive: the Defendant alleges that leave to amend should be denied because Brown lacks good cause, the Defendant would be prejudiced, and amendment is futile. The Court addresses these arguments *seriatim*.

#### 1.     Plaintiff's Supporting Brief Filed Within Fourteen Days

Defendant's first argument opposing Plaintiff's filing of a second amended complaint is that the Court granted leave to file an amended complaint prior to the Plaintiff filing a brief in support of his motion. United States District Court for the Middle District of Pennsylvania Local Rule 7.5 states: "[w]ithin fourteen (14) days after the filing of any motion, the party filing the motion shall file a brief in support of the motion. . . . If a supporting brief is not filed within the time provided in this rule the motion shall be deemed to be withdrawn." Local Rule 7.5.

In this case, the Plaintiff filed a Motion for Leave to File a Second Amended

Complaint on November 7, 2014. See Pl.'s Mot. Leave File Second Am. Compl., Nov. 7, 2014, ECF No. 26. The Plaintiff also filed a brief in support of that motion on November 21, 2014, the day after Defendant filed its Motion for Reconsideration. See Pl.'s Br. Supp., Nov. 21, 2014, ECF No. 32. Plaintiff's November 21 filing of the brief in support is within the fourteen day period since filing the motion on November 7, as required by Local Rule 7.5. See Local Rule 7.5; see also FED. R. CIV. P. 6(a). Accordingly, the Defendant's argument on these grounds is unpersuasive.

### 2. Plaintiff Has Good Cause to Amend

The Defendant further argues that Plaintiff should be denied leave to amend his complaint on substantive grounds, because he cannot meet the requisite standards to amend pleadings under Rule 15(a) or to amend a scheduling order under Rule 16(b). Federal Rule of Civil Procedure 15 allows a party to amend its pleading as of right within twenty-one days after serving it, or twenty-one days after a defendant serves a responsive pleading or Rule 12 motion. Fed. R. Civ. P. 15(a)(1). After that period has expired, "a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). Brown requires leave of Court because the Defendant does not consent to his amendment.

In this case, however, Plaintiff's motion implicates an elevated standard under Rule 16 as well as Rule 15's standard, because allowing an amended pleading would alter the Court's litigation schedule. "Rule 16 gives the district courts wide latitude to manage discovery and other pretrial matters, and to set deadlines for amending pleadings . . . ." Eichorn v. AT&T Corp., 484 F.3d 644, 650 (3d Cir. 2007). Rule 16(b) also provides that "[a] schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). This "good cause" language recurs throughout the Federal Rules, and implicates a more stringent standard than Rule 15. See, e.g., Venetec Inter., Inc. v. Nexus Med., LLC, 541 F. Supp. 2d 612, 618 (D. Del. 2008) ("Unlike Rule 15(a), the good cause standard under Rule 16(b) hinges on diligence of the movant and not on prejudice to the non-moving party."). Because the Rule 16(b)(4) "good cause" standard is more stringent than Rule 15(a)'s standard to amend the pleadings, the Court first examines whether the Plaintiff presents good cause to file the amended complaint. See Race Tires Am., Inc. v. Hoosier Racing Tire Corp., 614 F.3d 57, 84 (3d Cir. 2010).

The particular circumstances constituting "good cause" to justify a modification of a scheduling order necessarily vary with each case. CHARLES ALAN WRIGHT, ARTHUR R. MILLER, *ET AL.*, 6A FED. PRAC. & PROC. CIV. § 1522.2

(2014 3d ed.).  The United States Court of Appeals for the Third Circuit has indicated, however, that a movant's "due diligence" is an essential to establish good cause.  Race Tires Am., 614 F.3d at 84.  As one court elaborated, "[t]he good cause element requires the movant to demonstrate that, despite diligence, the proposed claims could not have been reasonably sought in a timely manner."  Ventec Inter., Inc., 541 F. Supp. 2d at 618.

In this case, the Plaintiff argues that he has good cause to amend his complaint to add a claim under the FMLA because, during discovery, he uncovered previously unknown facts that support this claim.  In a recent deposition of Defendant's General Manager, Carrie Saline, Brown allegedly discovered that Defendant discharged him, among other reasons, because of leave protected by the FMLA in violation of 29 U.S.C. § 2615(a)(2).

Brown argues this new information allows him to plead a claim previously unavailable.  To recover under the pertinent sections of the FMLA, a plaintiff must demonstrate that (1) the employer interfered with, restrained, or denied the plaintiff's exercise of FMLA rights; and (2) the plaintiff was prejudiced by the violation.  Ragsdale v. Wolverine World Wide, Inc., 535 U.S. 81, 89 (2002); see also 29 U.S.C. § 2617; Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 146–47 (3d Cir. 2004).  While Brown possessed facts to support the first element

of this claim from the beginning of the litigation, he argues that Saline's deposition furnished the first facts to support the prejudice element, thus presenting good cause to amend.

The Defendant alleges that Brown was aware of his FMLA rights since the events in question, and that this knowledge defeats Brown's ability to show good cause to amend his complaint now when he could have included this claim from the onset of litigation. Although Brown may have been previously aware that the Defendant failed to adequately communicate Brown's FMLA rights to him (a fact which remains disputed), an employer's violation of the technical provisions of the FMLA does not give rise to a claim without a demonstration that the plaintiff suffered prejudice. See Ragsdale, 535 U.S. at 89. Brown asserts that he only learned that Defendant considered his FMLA leave as a negative factor in eliminating his position during Saline's deposition on November 5, 2014. Brown then filed the motion for leave to file the amended complaint two days later on November 7, 2014.

Before this deposition, Brown possessed no facts to allege plausibly that he suffered prejudice as a result of FMLA violations. After the deposition, Brown possessed those facts, and filed his motion almost immediately. Accordingly, the Plaintiff asserts the late discovery of plausible facts supporting this claim and the

Plaintiffs own diligence in filing their motion shortly after discovery satisfy the good cause standard.  See, e.g., Cloud Farm Assocs. v. Volkswagen Group of Am. Inc., 2012 WL 3069390, *5 (D. Del. Jul. 27, 2012) (concluding that plaintiff demonstrated good cause to amend when it did not have sufficient factual information to allege the new claims until after deposing the defendants' corporate representatives).  The Court agrees that Brown demonstrates good cause to amend his complaint.

### 3. Defendant Is Not Unduly Prejudiced by Amendment

Brown also satisfies the Rule 15(a) standard because the Defendant would not be prejudiced by the Court granting leave to amend.   When construing a motion for leave to file an amended complaint, "[t]he court should freely give leave when justice so requires."  FED. R. CIV. P. 15(a)(2); see also Foman v. Davis, 371 U.S. 178, 182 (1962).  "Among the factors that may justify denial of leave to amend are undue delay, bad faith, and futility."  Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006).   The most dispositive factor in the inquiry, however,  is whether the non-movant would be prejudiced.  Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006).  To establish prejudice, a defendant "'must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely.'"

Hawkins v. West Penn Allegheny Health Sys., No. CIV.A. 13-1334, 2014 WL 5803112, *8 (W.D. Pa. Nov. 7, 2014) (quoting Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir. 1989)).

Defendant asserts that it would be unfairly prejudiced by the amended complaint because it already deposed Brown without broaching the topic of FMLA claims. While the Court recognizes this is a nominal additional litigation expense for the Defendant, this does not rise to the level of prejudice to outweigh the Court's duty to freely give leave to amend in the interest of justice. See Fed. R. Civ. P. 15(a)(2). Discovery is ongoing in this case, and Brown may be deposed again based on these issues. Moreover, all documentary evidence regarding the allegations raised in Brown's second amended complaint were in Defendant's possession since Brown's document production at the onset of discovery and could have been discussed at the first deposition.

Nor will the Defendant be deprived of the opportunity to gather and present facts and evidence with the filing of Brown's second amended complaint. See Hawkins, 2014 WL 5803112, at *8. Accordingly, Defendant does not suffer prejudice sufficient to overcome the lenient amendment rules in federal court—rules aimed at effectuating the form of justice, however imperfect our human pursuit of that ideal may be.

4. <u>Amendment Is Not Futile</u>

The final ground of Defendant's challenge is that amendment would be futile. "In determining whether a claim would be futile the district court applies the same standard of legal sufficiency as applies under Federal Rule of Civil Procedure 12(b)(6)." <u>Travelers Indem. Co. v. Dammann & Co., Inc.</u>, 594 F.3d 238, 243 (3d Cir. 2010) (internal quotations and citation omitted). Thus, dismissal is appropriate "if, reading the complaint in the light most favorable to the plaintiff, and accepting all factual allegations as true, no relief could be granted under any 'reasonable reading of the complaint.'" <u>Hawkins v. West Penn Allegheny Health Sys.</u>, 2014 WL 583112, *4 n.4 (W.D. Pa. Nov. 7, 2014) (quoting <u>Phillips v. Cnty. of Allegheny</u>, 515 F.3d 224, 233 (3d Cir. 2008)). Brown asserts two claims under the FMLA, namely Interference and Retaliation. The Court analyzes them in turn.

*a.     FMLA Interference Claim Not Futile*

Brown's first FMLA claim is for interference with protected rights. The statute states that "[i]t shall be unlawful for an employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C. § 2615(a)(1).[1] Specifically, an employer's failure to

---

[1] The full text of this portion of the statute concerning "Prohibited acts" reads:

(a) Interference with rights

provide notice of FMLA rights or notice that leave was designated as FMLA leave may constitute an interference claim.  <u>See</u> 29 C.F.R. §§ 825.300(e), 825.301(e).  To establish interference claims, plaintiffs must show an "impairment of their rights and resulting prejudice."  <u>Ragsdale v. Wolverine World Wide, Inc.</u>, 535 U.S. 81, 90 (2002).

---

    (1) Exercise of rights
It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter.

    (2) Discrimination
It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.

(b)    Interference with proceedings or inquiries

It shall be unlawful for any person to discharge or in any other manner discriminate against any individual because such individual–

    (1) has filed any charge, or has instituted or caused to be instituted any proceeding, under or related to this subchapter;

    (2) has given, or is about to give, any information in connection with any inquiry or proceeding relating to any right provided under this subchapter; or

    (3) has testified, or is about to testify, in any inquiry or proceeding relating to any right provided under this subchapter.

29 U.S.C. § 2615.

Brown claims that the Defendant failed to provide him with the required notice of his FMLA rights, so that he could structure his leave in a manner that comported with the statute. The FMLA requires employers to provide employees with both general and individual notice of their FMLA rights. Lupyan v. Corinthian Colleges Inc., 761 F.3d 314, 318 (3d. Cir. 2014). Employers must give employees general notice by posting FMLA rights information on its premises and distributing a publication that includes the employer's FMLA policies. Id. (citing 29 U.S.C. § 2619(a); 29 C.F.R. § 825.300). Employers must give employees individualized notice of their FMLA rights as well, as the United States Court of Appeals for the Third Circuit articulated:

> [O]nce an employer is on notice that an employee is taking FMLA-qualifying leave, the employer must: (1) within five business days notify the employee of his or her eligibility to take FMLA leave, 29 C.F.R. § 825.300(b); (2) notify the employee in writing whether the leave will be designated as FMLA leave, 29 C.F.R. § 825.300(d)(1); (3) provide written notice detailing the employee's obligations under the FMLA and explaining any consequences for failing to meet those obligations, § 825.300(c)(1); and (4) notify the employee of the specific amount of leave that will be counted against the employee's FMLA leave entitlement, § 825.300(d)(6).

Lupyan, 761 F.3d at 318.

In this case, Brown was hospitalized around December 14, 2012 to remove a tumor in his foot. He subsequently requested medical leave and short term disability pursuant to Defendant's employee welfare benefit plan, which was

FMLA-qualifying leave.  Pl.'s Am. Compl. ¶¶ 12–14, Nov. 20, 2014, ECF No. 30.  Brown alleges that, after receiving his notice of leave, Defendant did not inform Brown of his FMLA rights as required.  Specifically, Brown alleges that Defendant did not inform him that his leave had been designated as FMLA leave, that his leave would run for 12 weeks, that he would need a certification from his physician that he was able to resume work before returning from medical leave, or that there would be any consequences if he did not return to work within 12 weeks.  Id. ¶¶ 15–18.  The Defendant asserts that it provided Brown with information sufficient to satisfy its FMLA obligations, and this point remains a disputed material fact.

Viewing the facts in the light most favorable to Brown and assuming Defendant did not provide the required FMLA information, Defendant argues that Brown still cannot assert an FMLA claim because he was out longer than the twelve weeks of leave the FMLA entitles him to.  This argument is unavailing in the face of Third Circuit case law.

In Conoshenti v. Public Services Electric & Gas Co., 364 F.3d 135, 145 (3d Cir. 2004), the Third Circuit held that summary judgment for the employer was improper when "[n]othing in the record . . . indicate[d] that Conoshenti knew that he was entitled to only twelve weeks of protected leave," and he was terminated after failing to return to work in twelve weeks.  Because the defendant employer

did not provide Conoshenti this individualized notice that he would have the opportunity to structure his FMLA leave in such a way that his job would be protected, he presented "a viable theory of recovery." Id. at 143.  Had the defendant provided Conoshenti the required FMLA information, he "would have been able to make an informed decision about structuring his leave and would have structured it, and his plan of recovery, in such a way as to preserve the job protection afforded by the Act." Id. at 142–43.

     In this case, taking all inferences in favor of Brown, there is nothing to indicate that he was aware that he only had twelve weeks of FMLA leave.  Had the Defendant provided him with this information individually as the statute requires, he may have fashioned his leave in accord with the statute and returned to work at the appropriate time.

     Defendant argues, however, that even assuming their failure to inform Brown of his FMLA rights is true, this did not prejudice Brown because his firing was not due to his exercise of FMLA leave.  Defendant contends that Brown's position would have been eliminated regardless of whether or not Brown took FMLA leave or another leave of absence, because "during Plaintiff's leave of absence Defendant realized that it did not need Plaintiff's position and thus decided to eliminate it." Def.'s Resp. 4, Nov. 25, 2014, ECF No. 33.

The testimony from Saline's deposition, however, demonstrates that Brown has evidence sufficient to survive the Defendant's allegations that amendment is futile. A portion of Saline's deposition testimony reads:

> Q. Okay. Now, you say in your email of April 11th, 2013 they have vacation balances, and we may have to take them to court. Who are you talking about there?
> A. Brown and Schwartz.
> Q. So Mr. Brown and Ms. Schwartz; correct?
> A. Yes.
> Q. And then you say they were abusing the system and needed to go. First off, what was Ms. Schwartz doing to abuse the system?
>
> . . .
>
> A. . . . [Ms. Schwartz] had just been off for a very long time. Unfortunately, we felt these were malingering.
> Q. Who is the we?
> A. Myself.
> Q. Anybody else?
> A. Stephanie maybe. I mean we had conversations.
> Q. Well, tell me about the conversations what Stephanie told you Ms. Schwartz was malingering.
> A. We just felt that, you know, based on the, how do I want to say, what was wrong, that we, they could have come back to duty.
> Q. I'm talking about Schwartz right now.
> A. Yes.
> Q. So you said they, so let's start with Ms. Schwartz first.
> A. Yes.
> Q. Okay. What does Ms. Schwartz do that you claim was "abusing the system"? [sic]
> A. Not taking advantage of coming back to light duty, that it was available to her.
> Q. Okay. Did you tell her light duty was available to her?
> A. Yes, we always tell them light duty is available.

. . .

    Q.    Okay. Now, what was Mr. Brown doing that you claim was abusing the system?
    A.    The same thing. We had light duty available.

. . .

    Q.    So when you say he is abusing the system, it's that he took his full time on FMLA leave without coming back to light duty. Is that fair?
    A.    I believe that he could have come back to light duty, yes.

. . .

    Q.    Okay. So when someone is on Family Medical Leave Act or on some sort of medical leave, if they don't come back before the time that Was that your testimony, or is that what you meant by Mr. Brown abusing the system?
    A.    That is the way that I wrote it in this, yes.
    Q.    Well, that's the way you said it.
    A.    That's the way I said it, yes.
    Q.    Nobody wrote this for you; correct?
    A.    No, I did.

Pl.'s Br. Supp., Ex 1. 70:8–25; 71:1–21; 72:14–16; 73:7–11; 74:14–24, Nov. 21, 14, ECF No. 32–1.

Defendant asserts that this testimony merely establishes that Saline suspected Brown of malingering, which was not the reason for Brown's termination. Nevertheless, drawing all reasonable inferences from the facts viewed in the light most favorable to Brown at this juncture, granting leave to amend his complaint would not be futile.

### b. *FMLA Retaliation Claim Not Futile*

The considerations involved in a futility analysis of Brown's FMLA retaliation claim are similar to those related to his interference claim. "The Third Circuit analyzes retaliation claims under 29 C.F.R. § 825.220(c), which requires a plaintiff to show that: '(1) he took an FMLA leave, (2) he suffered an adverse employment decision, and (3) the adverse decision was causally related to his leave.'"[2] Antone v. Nobel Learning Communities, Inc., No. CIV.A. 11-3617 JEI, 2012 WL 174960, *4 (D.N.J. Jan. 19, 2012). "Even though 29 C.F.R. § 825.220(c) appears to be an implementation of the 'interference provisions of the FMLA, its text unambiguously speaks in terms of 'discrimination' and 'retaliation' and we shall, of course, apply it in a manner consistent with that text." Conoshenti, 364 F.3d at 146–47 n.9.

Defendant again contends that Brown's position would have been eliminated

---

[2] The text of 29 C.F.R. § 825.220(c) reads:

(c) The Act's prohibition against interference prohibits an employer from discriminating or retaliating against an employee or prospective employee for having exercised or attempted to exercise FMLA rights. For example, if an employee on leave without pay would otherwise be entitled to full benefits (other than health benefits), the same benefits would be required to be provided to an employee on unpaid FMLA leave. By the same token, employers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions; nor can FMLA leave be counter under no fault attendance policies. See § 825.215.

29 C.F.R. § 825.220(c).

regardless of whether or not Brown took FMLA leave or another leave of absence, because "during Plaintiff's leave of absence Defendant realized that it did not need Plaintiff's position and thus decided to eliminate it." Def.'s Resp., at 4. Taking the deposition testimony and all reasonable inferences in the light most favorable to Brown, however, he has demonstrated that granting leave to allow his second amended complaint is not futile.

"Under the Price Waterhouse framework, when an FMLA plaintiff alleging unlawful termination presents direct evidence that his FMLA leave was a substantial factor in the decision to fire him, the burden of persuasion on the issue of causation shifts, and the employer must prove that it would have fired the plaintiff even if it had not considered the FMLA leave." Conoshenti, 364 F.3d at 147. "'Direct evidence' means evidence sufficient to allow the jury to find the decision makers placed substantial negative reliance on the protect activity in reaching their decision to fire him." Id. (citing Connors v. Chrysler Fin. Corp., 160 F.3d 971, 976 (3d Cir. 1998) .

Saline's deposition testimony, while still not reviewed by the deponent in its current form, could constitute direct evidence that Defendant's decision makers placed substantial negative reliance on Brown's FMLA leave. The burden of persuasion then shifts to the Defendant to demonstrate that it would have fired

19

Brown, even if it had not considered the FMLA leave, which the Defendant does assert. While the Defendant's arguments could ultimately prove successful on those grounds later in the litigation, when considering the evidence before the Court under the appropriate standard at this juncture, the Defendant has not demonstrated that granting Brown leave to amend his complaint would be futile. These dispositive issues in question are more properly addressed directly when briefed, ripe, and with all facts and arguments before the Court on summary judgment at the close of discovery, or by a jury if disputed facts remain. Accordingly, granting leave to amend the complaint is not futile.

## III. CONCLUSION

In accordance with the foregoing, the Defendant's Motion for Reconsideration is granted in part and denied in part. Brown is granted leave to file an Amended Complaint.

An appropriate Order follows.

BY THE COURT:

s/ Matthew W. Brann
Matthew W. Brann
United States District Judge